**FILED**

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STRIKE 3 HOLDINGS LLC, a Delaware corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOHN DOE, subscriber assigned IP address 73.225.38.130, <br><br> Defendant-Appellee, <br><br> and <br><br> TOBIAS FIESER, Third-Party Witness; et al., <br><br> Real-party-in-interest. | No.   20-35196 <br><br> D.C. No. 2:17-cv-01731-TSZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 3, 2021
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[**] District Judge.

Strike 3 Holdings, LLC appeals the district court's award of attorney's fees in favor of John Doe on Doe's counterclaim for non-infringement. Strike 3 argues that Doe lacked standing to pursue his counterclaim because Strike 3 voluntarily dismissed its copyright infringement claim against Doe and could not renew that claim in the future. Strike 3 also contends that the district court abused its discretion by awarding fees under the Copyright Act, 17 U.S.C. § 505, because the fee award did not further the Act's essential goals. The district court had jurisdiction under 28 U.S.C. §§ 1331, 1338(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Strike 3's argument, the district court correctly held that Doe retained standing to pursue his declaratory relief counterclaim despite Strike 3 voluntarily dismissing its complaint without prejudice. We review the district court's standing determination de novo. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). Standing for declaratory relief requires a similar showing as any other case or controversy. *See MedImmune, Inc. v. Genentech*, 549 U.S. 118, 126–27 (2007) (citations omitted). The party seeking declaratory relief must

---

[**] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

demonstrate (1) a concrete and imminent injury, (2) that is causally connected to the defendant's actions, (3) which could be redressed by a favorable decision. *See id.*; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Strike 3 challenges only the first of those requirements: that Doe cannot demonstrate a concrete and imminent injury.

The pending litigation between Doe and Strike 3, coupled with the real threat of future litigation between the parties, constitutes the type of injury that confers constitutional standing. *See Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 944 (9th Cir. 1981) (finding a case or controversy where declaratory relief plaintiff had "real and reasonable apprehension" of future suit). Strike 3's voluntary dismissal of its infringement claims against Doe placed him in the precarious position of deciding whether to pursue his non-infringement counterclaim or to surrender the claim and hope that Strike 3 would not bring further action based his prior alleged infringement. And while Strike 3 enjoyed the "absolute right" to dismiss its infringement claim under Federal Rule Civil Procedure 41(a)(1), *Am. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999), it did not have the absolute right to choose the consequences of its without-prejudice dismissal. Doe's fear of future

prosecution, based on the very real prosecution to that point and the thinly veiled threats of future contributory-infringement claims, was concrete and imminent.

Nor are we persuaded by Strike 3's claim that *Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142, 1147 (9th Cir. 2018) or Strike 3's proposed covenant not to sue rendered Doe's fear of future litigation speculative. As Strike 3 admitted at oral argument, it was nearly certain that Doe's son was the infringer, making it likely that Strike 3 would pursue other infringement claims against Doe in the future. Thus, Doe did not lack standing to pursue his counterclaims.

The district court did not err in awarding Doe attorney's fees. A district court enjoys "wide latitude" to award fees in a copyright case "based on the totality of the circumstances." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). That discretion is guided by the non-exclusive factors set out in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994): the frivolousness of the copyright claim, the party's motivation for bringing the claim, the objective reasonableness of the claim, and the need to compensate or deter such claims. We may reverse only if the district court relied on "an inaccurate view of the law or a clearly erroneous finding of fact." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) (citations and quotations omitted).

The district court limited its analysis of the *Fogerty* factors to compensation and deterrence, ultimately concluding that compensating Doe for litigating a meritorious copyright defense sufficiently advanced the goals of the Copyright Act. We admit that the district court's analysis of the *Fogerty* factors could have been more robust as it merely considered the factors it deemed relevant and applied them to this case. But the factors are, by definition, non-exclusive, *Fogerty*, 510 U.S. at 534 n.19, and the district court was not required to discuss each one in depth. Thus, we are not left with "a definite and firm conviction" that the district court erred. *Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2006).

**AFFIRMED.**